#### FOR THE

#### COUNTY OF ORANGE.

#### MARCH TERM, 1847.

---

PRESENT,

HON. STEPHEN ROYCE, CHIEF JUDGE.
HON. DANIEL KELLOGG, ⎫
HON. HILAND HALL,      ⎬ ASSISTANT JUDGES.
HON. CHARLES DAVIS.    ⎭

---

### JOHN H. WOODWARD v. HENRY FRANCIS.

In an action of account between partners, in which the plaintiff claims that the defendant account for money received by him from the avails of the business during the partnership, an agreement, executed by the plaintiff and delivered to the defendant, previous to the commencement of the action, in which it is recited, that the defendant has relinquished to the plaintiff all claim to the demands due to the firm and to the stock of the firm, in consideration of which the plaintiff promises to pay the debts due from the firm and to indemnify the defendant against them, has no legal tendency to sustain a plea by the defendant, that he has fully accounted for the money claimed in the declaration.

ACCOUNT. It was alleged in the declaration, that the plaintiff and defendant had been partners in business, and that the defendant had received more than his just share of the money arising from the profits of the business; for which an account was demanded. The

defendant pleaded three pleas in bar, the substance of each of which was, that he had fully accounted with the plaintiff of and concerning the money mentioned in the declaration; and upon these pleas issue was joined. Trial by jury, June Term, 1845,—HEBARD, J., presiding.

On trial the defendant offered in evidence an agreement purporting to be signed by the plaintiff, in which, after reciting that the defendant had relinquished to the plaintiff all claim to the demands due to the firm, except an account against one Shepley, and also all claim to the stock of the company, the plaintiff promised, that he would pay all debts due from the firm, and would indemnify the defendant against them;—to the admission of which the plaintiff objected; but, its execution by the plaintiff having been proved, it was admitted by the court. Testimony was also given upon the question as to the delivery of this instrument.

The court instructed the jury, that the legal effect of the writing was to prove the allegations in the defendant's pleas, and that, if they found the writing was delivered, they should return a verdict for the defendant.

Verdict for defendant. Exceptions by plaintiff.

*Hunton* for plaintiff.

*Walker & Slade* for defendant.

The opinion of the court was delivered by

KELLOGG, J. A reference to the case shows, that the question raised for the consideration of this court is, whether the writing, referred to in the bill of exceptions, tended to sustain the defendant's pleas, or either of them. If such were not the legal tendency of the instrument, then manifestly the charge of the court below was erroneous.

The writing contains an acknowledgment of the plaintiff, that the defendant had relinquished to him all the defendant's claim to all of the accounts of Woodward and Francis, except an account against one Shepley, which was to be the defendant's; also a relinquishment to the plaintiff of all the *stock* of the company. It also contained a promise of the plaintiff to pay the demands due and owing *from the*

*firm* of *Woodward & Francis, to any person,* and an indemnity to Francis against all claims due from the company. But the writing does not purport to show any accounting by the defendant with the plaintiff, for the *money* which the defendant received from the profits and business of the company during the copartnership. It does not show that the parties went into any examination of the accounts *as between themselves ;* nor does it contain any release to the defendant, to exonerate him from accounting for the *money* which came to his hands.

It has been urged in the argument, that the release by Francis of all his claim to the *stock* of the company, should be construed to mean all the *effects* of the company including money, as well as the materials and manufactured articles belonging to the company ; and that, if there is any liability on the defendant to account for monies he has received over and above his share of the profits, it is a liability to the company; and that, as the plaintiff undertook to indemnify the defendant against the claims of all persons *upon the company,* therefore the writing tended to prove an accounting for the *money* which the defendant had received. We do not perceive the application of this reasoning to the case at bar, and cannot therefore yield our assent to the conclusion, at which the counsel for the defendant arrives in the argument. This is not a *claim in favor of an individual upon the copartnership,* but a *liability* of the defendant to his co-partner for money received by the defendant above his share of the profits. The declaration alleges, that the defendant had received the money. The pleas aver, that the defendant had accounted for the money thus received; and the defendant relies upon the writing, as containing the evidence of his so accounting. Now we cannot discover, that the writing has any tendency to show any accounting for the *money* received by the defendant, and consequently are of opinion, that the county court erred in their instructions to the jury.

The judgment of the county court is reversed, and the cause remanded for a farther trial.